IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LARRY DAVID DAVIS                                                                                    PETITIONER

v.                                        Case No. 6:18-cv-06125

WENDY KELLEY, Director,                                                                        RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner is Larry David Davis ("Davis") who is proceeding *pro se*. On December 10, 2018, Davis filed this Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent was served with a copy of the Petition and has responded to it. ECF No. 13. Petitioner has filed a Reply. ECF No. 14.

The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, the Response, the Reply, and all exhibits submitted in this case and finds as follows:

A.     **Procedural Background**:[1]

On November 29, 2017, Davis pled guilty to commercial burglary, theft of property, and breaking or entering in Clark County Circuit Court, Case Number CR 17-70. At the same time, Davis also pled no contest to one count each of commercial burglary and theft of property in Clark County. Davis signed a plea statement and a negotiated plea agreement. At his plea hearing, Davis agreed that the facts as alleged in the arrest warrant affidavit were correct. The facts were as follows: on April 24, 2017, Davis unlawfully and forcibly entered the Southfork Truck Stop in

---

[1]The procedural background is taken from the Petition, Response, Reply, the attached exhibits, and matters of public record regarding this case.

1

Clark County, Arkansas. While at the truck stop, Davis pried open a locked money box and stole cash in an amount between $5,000 and $25,000. He was sentenced to a total of 30 years imprisonment in the Arkansas Department of Correction for all charges. Davis did not appeal his sentence.

On January 22, 2018, Davis timely filed a petition for post-conviction relief in the trial court pursuant to Arkansas Rule of Criminal Procedure 37. The State responded to Davis's petition. The Circuit Court dismissed Davis's petition without a hearing finding Davis had failed to allege cognizable claims following his voluntary plea.

Davis timely appealed the denial of this Rule 37 petition to the Arkansas Court of Appeals. In that appeal, the Arkansas Court of Appeals considered the following claims:

> . . . . that [1] [Davis] was arrested without a valid warrant; [2] that he was deprived of a preliminary or omnibus hearing; [3] that Clark County has a corrupt and crooked judicial system that framed him for these alleged crimes; [4] that he was forced or tricked into entering [his] plea; and [5] that his privately retained attorney did not represent his interests but was instead assisting the State in acquiring convictions.

*Davis v. State,* 2018 Ark. App. 540, 544, 564 S.W.3d 283, 287 (2018). In an opinion dated November 7, 2018, the Arkansas Court of Appeals affirmed the trial court's denial of Davis's Rule 37 petition, and the Court held his claims were meritless.

On December 10, 2018, Davis filed the present Petition for federal *habeas corpus* relief under 28 U.S.C. § 2254. ECF No. 1. In his Petition, he claims the following:

1. There was no probable cause for his arrest;

2. His arrest was warrantless;

3. He was deprived and denied due process because he was never given a preliminary hearing;

4. There was no evidence to support his conviction;

5. There was prosecutorial misconduct because his conviction was obtained by the unconstitutional failure of the prosecutor to disclose evidence favorable to him;

6. His counsel was ineffective because his counsel assisted the prosecutor;

7. His counsel was ineffective because his counsel coerced a plea;

8. There was prosecutorial misconduct;

9. He was actually innocent;

10. He was wrongfully convicted;

11. He was given an excessive sentence; and

12. The evidence against him was provided pursuant to an illegal arrest.

The Director of the Arkansas Department of Correction filed a response to this Petition on March 11, 2019.  ECF No. 13.  Davis filed a reply on March 21, 2019.  ECF No. 14.

**B.     Discussion**:

Upon review, the Court finds all of Davis's claims are barred because those claims are either entitled to deference under 28 U.S.C. § 2254(d), or Davis procedurally defaulted.  The Court will address these claims.

### 1.     Deference under 28 U.S.C. § 2254(d)

In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003).  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).  A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

In the present action, the Arkansas Court of Appeals ruled on Davis's Claim 6 (ineffective assistance) and Claim 7 (ineffective assistance). The Arkansas Court of Appeals adjudicated these claims under the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984) and in *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985). In its opinion, the court noted Davis's plea statement, agreement, and his affirmations and understandings of his plea at the hearing. *See Davis,* 2018 Ark. App. 540, at 4-5, 564 S.W.3rd at 287. The court affirmed the circuit court's denial of Davis's ineffective assistance of counsel claims, holding that Davis failed to meet the *Strickland* standard for deficient performance and *Hill's* standard for demonstrating prejudice. It referred to Davis's claims as "bare assertions" and stated that "Davis failed to prove that he was deprived of a fair trial due to ineffective assistance of counsel in connection with his no contest plea. Moreover, Davis has not alleged or established that he would have insisted on going to trial but for his attorney's errors." *Davis,* 2018 Ark. App. 540, at 5-6, 564 S.W.3d at 287-88.

The decision was not contrary to clearly established federal law or an unreasonable application thereof because the court properly applied the governing legal principle from *Strickland* and *Hill* and arrived at a reasonable result. Because of its clear reliance on the record of the voluntariness of Davis's plea, it cannot be said the state court's decision was based on an unreasonable determination of the facts.

Davis is also not entitled to relief as to Claim 2 (warrantless arrest), Claim 3 (lack of a preliminary hearing), or Claim 8 (prosecutorial misconduct). *See Davis v. State,* 2018 Ark. App. 540, 544, 564 S.W.3d 283, 287 (2018). In this decision, the Court of Appeals held these claims were meritless because "[b]y pleading no contest to these offenses, appellant [Davis] waived any claim that he was not guilty of the charges." *Id.* This adjudication by the Arkansas Court of Appeals that these claims were waived by Davis's voluntarily entered plea was not contrary to established federal law and is entitled to due deference. *See, e.g., Tollett v. Henderson,* 411 U.S. 258, 266 (1973).

    2.    **Procedural Default**

The remainder of the claims in Davis's petition were not presented or adjudicated by the Arkansas Court of Appeals. As such, those claims are procedurally defaulted. Indeed, federal *habeas* relief is not available to resolve procedurally defaulted claims, which are "contentions of federal law which were not resolved on the merits in the state court proceeding due to [a federal habeas petitioner's] failure to raise them as required by state procedure." *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). This is because a federal habeas petitioner must show that he "has exhausted the remedies available in the courts of the State" as a precondition to seeking relief under the federal habeas statute. 28 U.S.C. § 2254(b)(1)(A).

To meet this requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). A claim is technically exhausted if the petitioner has failed to raise a claim in state court and it is clear that there is not a state-law remedy still available for a petitioner to properly exhaust the claim. *See Welch v. Lund,* 616 F.3d 756, 760 (2010) (*citing Engle v. Isaac,* 456 U.S. 107, 125 n.28 (1982)). If a state court disposes of a claim by imposing a procedural bar under state law, the claim is procedurally defaulted. *See Welch,* 616 F.3d at 760 (*citing O'Sullivan,* 526 U.S. at 848; *Gray . Netherland,* 518 U.S. 152, 161-162 (1996)). Thus, claims may be procedurally defaulted either by a failure to raise them in state court or by failing to raise them properly in state court.

However, a petitioner may excuse a default of procedurally defaulted claims by alleging facts in the petition sufficient to demonstrate either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice, as in actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Davis has made no such showing here. Thus, Davis has procedurally defaulted the remaining claims (Claims 1, 4, 5, 9, 10, 11, and 12).

**C.** **Conclusion**:

All of Davis's claims are barred. Five of Davis's claims are entitled to deference under 28 U.S.C. § 2254(d) while Davis procedurally defaulted as to the remaining seven claims.

**D.** **Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied

and dismissed with prejudice.[3]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **18th day of December 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*